Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5799 | **DATE** | 2/9/2004 |
| **CASE TITLE** | Dorothy Johnson vs. John E. Potter | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, this case is dismissed with prejudice. Should plaintiff appeal this decision, the court hereby determines that the appeal is frivolous and denies leave to appeal in forma pauperis. Case is terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 2 | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | FEB 1 0 2004 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. Mailed by MD. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2/9/2004 | |
| MD | courtroom deputy's initials | date mailed notice | |
| | | MD | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOROTHY JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 03 C 05799 |
| v. ) | Judge Joan H. Lefkow |
| ) | |
| JOHN E. POTTER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Dorothy Johnson, plaintiff, alleges that in 1986 she received an award of worker's compensation from the United States Postal Service, payments under which continued until 1997 and then ceased. She seeks reinstatement of those benefits through a civil action in this court.

The record reflects that on October 2, 1997, the United States Department of Labor (DOL) Office of Worker's Compensation Programs determined to terminate worker's compensation previously awarded to plaintiff on the basis that "the claimant's symptoms are due to degenerative disc disease and spinal stenosis and not the work injury of 1986." Plaintiff's union, the National Association of Letter Carriers, pursued a grievance, which was denied on October 28, 1998. Thereafter, the union demanded arbitration. Plaintiff exhausted all administrative appeals from the October 2, 1997 decision through DOL but was ultimately denied relief on November 1, 2000. (A request to reopen her claim was subsequently denied May 16, 2003). Meanwhile, plaintiff was notified March 18, 2000 by the United States Office of Personnel Management that she had been approved for disability retirement from the Postal Service. The actual effective date of her separation from employment and implementation of

retirement is not in the record. The arbitration was ultimately "resolved in pre-arbitration" on or about April 11, 2002. Plaintiff did not learn that the arbitration had been withdrawn until October, 2002, because she never returned to work after 1986 and thus had no contact with her union or employer at relevant times.

According to a Final Agency Decision attached as an exhibit to the motion to dismiss, plaintiff contacted an EEO counselor regarding a complaint of discrimination based on physical disability on September 30, 2002. On October 10, 2002, she filed an EEO Complaint of Discrimination in the Postal Service ("EEO Complaint"). The EEO Complaint alleged discrimination on September 22, 1986 ("job related injury") and October 2, 1997 ("term[ination] of benefits"). The remedy she requested was reinstatement of worker's compensation and medical benefits effective October 14, 1997 to present. The Final Agency Decision reflects that the complaint was dismissed because plaintiff had not contacted an EEO Counselor with the Postal Service within 45 days of the last alleged act of discrimination (March 18, 2000)[1] as she was required to do under 29 C.F.R. § 1614.105(a)(2). *See Miller* v. *Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) ("If [plaintiff's] administrative complaint was untimely, his suit under the Rehabilitation Act is time-barred."). The United States Equal Employment Opportunity Commission (EEOC) affirmed the Final Agency Decision on April 2, 2003. Plaintiff sought reconsideration, which was denied June 5, 2003. This complaint followed on August 20, 2003.

The Postal Service has moved to dismiss on the bases that plaintiff's action is barred (a)

---

[1] Although the Final Agency Decision recites that the last date of discrimination alleged was March 18, 2000 (which was the date plaintiff was approved for disability retirement which would have coincided with separation from employment), the EEO Complaint does not allege discrimination on that date. Rather, the latest date was October 2, 1997. Despite this apparent error in the Final Agency Decision, for purposes of this decision, the court accepts the March 18, 2000 date as the last date of discrimination.

2

because she did not exhaust her administrative remedies; (b) because her civil action is untimely filed more than 90 days after she received her notice of right to sue; and (c) because plaintiff has failed to state a claim of discrimination based on race, color, sex, national origin (Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1 et seq.) or physical disability (Rehabilitation Act, 29 U.S.C. § 791). Plaintiff responds that she should be excused from the exhaustion of remedies requirement.

Under 29 C.F.R. § 1614.105 (a)(1), "[a]n aggrieved person must initiate contact with a[n] EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." *See Sharp v. United Airlines, Inc.*, 236 F.3d 368, 372 (7th Cir.2001), quoting 42 U.S.C. § 2000e-5(e)(1) (Concerning the parallel provisions applicable to charges against private employers, the time limit begins to run when the defendant has taken the action that injures the plaintiff and when the plaintiff knows she has been injured, not when she determines that the injury was unlawful. Under this rule, the latest event plaintiff could possibly allege to be discriminatory is the effective date of the decision placing her on disability retirement status. In other words, the latest possible date from which the 45-days began to run was the date after March 18, 2000 that the disability retirement became effective.[2] Although the precise date is not of record, plaintiff undoubtedly

---

[2] Because withdrawal of the arbitration was not a discriminatory event, it is not the date from which a 45-day filing period could have run unless plaintiff's duty to lodge her complaint was stayed, or held in abeyance, while her grievance proceeded. There is, however, no authority for such an argument. 29 CFR § 1614.301(b) provides that where an employee works under a collective bargaining agreement that allows her to grieve a discrimination charge, she must elect whether to proceed via a grievance or an EEO Complaint, but she cannot do both. Furthermore, if the employee lodges her discrimination complaint with her grievance, *she "may not thereafter file a complaint on the same matter . . . irrespective of whether the agency has informed the individual of the need to elect or of whether the grievance has raised an issue of discrimination." Id.* (Emphasis added.) Where an employee works under a collective bargaining agreement that does *not* allow her to grieve a discrimination charge, then she can only proceed via an EEO complaint. In either type, there is no provision that would permit an employee to wait to await the outcome of a non-discrimination grievance to file a charge of discrimination. In other words, the 45-day period runs

3

did not meet the deadline when she filed her EEO complaint more than two years later.

However, under 29 C.F.R. §1614.105(b)(1), the Postal Service must extend the 45-day time limit where, as relevant here, the complainant shows that he or she was not notified of the time limits and was not otherwise aware of them. Plaintiff claims she was not aware of the 45-day requirement because "I was not notified of the withdrawal of my workers compensation from arbitration until October, 2002 and this is why [EEOC] was contacted later than the prescribed time" and "[I was] unaware of EEOC notices that were assumed posted during my absent [sic] from work, on the applicable place for information in view of all workers." Although plaintiff's complaint of discrimination was made on September 30, 2002 (before she claims to have found out about her rights), the court will assume that plaintiff, because of her leave status, was on or about March 18, 2000 aware of the discriminatory event (she received a letter) but unaware of her EEO rights.

Under the doctrine of equitable tolling (i.e., in order for the time limited to be extended), plaintiff must show that "because of disability, irremediable lack of information, or other circumstances beyond [her] control" she could not reasonably have been expected to have filed in time." *Miller*, 77 F.3d at 191. What is reasonable depends in part on whether plaintiff exercised due diligence. *See, e.g., Bilow v. Much Shelist Freed Denenberg Ament & Rubenstein, P.C.*, 277 F.3d 882, 892-93 (7th Cir.2001) (Equitable tolling did not apply where a reasonable person in the plaintiff's position exercising due diligence would have discovered long before five years had elapsed that she was not receiving the correct amount in her paycheck); *Jackson v. Rockford*

---

from the effective date of the discriminatory event.

4

*Hous. Auth.*, 213 F.3d 389, 397 (7th Cir.2000) (When the plaintiff learned that his employer had hired the white candidate, he knew that one possible explanation for why he was not promoted was racial discrimination and, therefore, he was required to undertake *some* inquiry to verify or discard this theory); *Schele v. Porter Mem'l Hosp.*, 198 F.Supp.2d 979, 986-87 (N.D.Ind.2001) ("[T]he filing period is equitably tolled until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights. If employees are generally aware of their rights, however, ignorance of specific legal rights or failure to seek legal advice should not toll the filing period.") Where, as here, plaintiff vigorously pursued her grievance rights, and does not deny that EEO notices were posted at the Postal Service, it is highly unlikely that she could establish that she exercised diligence to discover her rights before more than two years passed.

Even if it is assumed, however, that the motion to dismiss should be denied to allow plaintiff the opportunity to prove equitable tolling, this case would still have to be dismissed because it cannot proceed as a complaint of discrimination based on disability under the Rehabilitation Act, 29 U.S.C. § 791. (Nor is there any hint of an allegation of discrimination on the basis of race, color, sex, or national origin under Title VII). From all that can be gleaned from plaintiff's "Complaint of Discrimination of Federal Worker's Compensation" and the sheaf of submitted papers, the relief plaintiff seeks is not a job which she can perform despite her disability as would be comprehended by the Rehabilitation Act but, rather, to be placed on a continued leave status with reinstatement of worker's compensation benefits. If this is what she wants, this court has no jurisdiction. See 5 U.S.C.A. § 8128 (b) ("The action of the Secretary [of Labor] . . . in allowing or denying a payment [of an award of worker's compensation] is- (1) final

5

and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.").[3]

The complaint is therefore dismissed with prejudice. Should plaintiff appeal this decision, the court hereby determines that the appeal is frivolous and denies leave to appeal in forma pauperis. The case is terminated.

ENTER: *[signature]*
JOAN HUMPHREY LEFKOW
UNITED STATES DISTRICT JUDGE

February 9, 2004

---

[3] It is unnecessary to reach the Postal Service's second basis for dismissal, that the complaint was not filed within 90 days of the notice of right to sue, although it appears that this argument is not well founded in light of plaintiff's request for reconsideration of the Final Agency Decision. (The denial of reconsideration dated June 5, 2003, gave plaintiff 90 days to file suit).

6